UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATHILDA SOLOMON, on Behalf of Herself and on Behalf of All Others Similarly Situated,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **JUDGE** |
| **V.** | **MAGISTRATE** |
| **SERENITY SQUARE LLC and GWENDOLYN CAILLIER** | |
| **Defendants** | |

**COLLECTION ACTION COMPLAINT**

Plaintiff, Mathilda Solomon, by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this Complaint against Defendants, Serenity Square LLC ("Serenity Square") and Gwendolyn Caillier, and in support of her claim, states as follows:

**PRELMINARY STATEMENT**

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as home health care aides for Defendants, in the business of providing home health care services to the general public.

2. Defendants employ home health care aides or those working in similar job positions, and classifies them as "exempt" employees, paying them on an hourly basis for all hours worked, even when more than 40 hours of work is performed in a particular week.

3. Plaintiff and similarly situated employees routinely work more than 40 hours in a workweek but are not paid an overtime premium for any of their overtime hours.

4. As a result of Defendants' unlawful classification of Plaintiff and similarly situated employees as "exempt" for the purposes of overtime compensation, and Defendants' failure to compensate Plaintiff and similarly situated employees for all hours worked, Defendants have violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and similarly situated employees, overtime compensation for hours worked in excess of 40 hours in one week as required under the FLSA.

5. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action involves a federal question under the FLSA.

7. Venue is proper in the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1391 because Defendants operate business in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### **Plaintiff**

8. Plaintiff Mathilda Solomon, is a resident of the city of Scott, parish of Lafayette, and state of Louisiana. Between March 2018 and April 2018, Solomon worked for Defendants as a home health care aide.

### **Defendants**

9. Together, Defendants have employed Plaintiff and similarly situated employees at all times relevant as a single enterprise.

### **Serenity Square LLC**

10. Defendant, Serenity Square LLC, is a Louisiana limited liability company with its principal place of business located at 500 Surrey St., Lafayette, LA 70501.

11. Serenity Square provides home health care services including custodial and skilled home health care services to elderly and disabled persons in their homes.

12. Serenity Square directly employs home health care workers to provide home health care services.

13. Serenity Square is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

14. Serenity Square was the company entity listed on Plaintiff's work schedules for the work they completed for Defendants.

15. At all relevant times, Serenity Square maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

16. At all relevant times, Serenity Square has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

17. Serenity Square's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

**Gwendolyn Caillier**

18. Defendant, Gwendolyn Caillier, is the owner and operator of Serenity Square.

19. Caillier is a resident of the city of Lafayette, Parish of Lafayette, and state of Louisiana.

20. At all relevant times, Caillier has been an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

21. At all relevant times, Caillier has been actively involved in managing the operations of Serenity Square.

22. At all relevant times, Caillier has had control over Serenity Square's pay policies.

23. At all relevant times, Caillier has had power over personnel and payroll decisions at Serenity Square.

24. At all relevant times, Caillier has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

25. At all relevant times, Caillier has had the power to transfer the assets and liabilities of Serenity Square.

26. At all relevant times, Caillier has had the power to declare bankruptcy on behalf of Serenity Square.

27. At all relevant times, Caillier has had the power to enter into contracts on behalf of Serenity Square.

28. At all relevant times, Caillier has had the power to close, shut down, and/or sell Serenity Square.

## FACTUAL ALLEGATIONS

29. Plaintiff and similarly situated employees work or worked for Defendants as home health care aides during the applicable statutory period.

30. Plaintiff and similarly situated employees perform home health care services for elderly, disabled, or infirm individuals.

31. Plaintiff and similarly situated employees are not staffing or frontline supervisors responsible for overseeing other home health care aides and the home health care services Defendants provide to its customers.

32. As of January 1, 2015, all home health care workers are entitled to overtime compensation at a rate of one and one-half (1.5) times their regular hourly rate for hours worked in excess of forty (40) per workweek.

33. Defendants compensated Plaintiff and similarly situated employees for their work on an hourly basis.

34. Defendants suffered and permitted Plaintiff and similarly situated employees to work more than forty (40) hours per workweek.

35. Defendants has a common policy of not paying Plaintiff and similarly situated employees at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

36. In calculating Plaintiff and similarly situated employees, Defendants only paid them their regular (*i.e.*, straight time rate), rather than the legally required one and one-half (1.5) times their regular rate of pay.

37. Defendants willfully operated under a common scheme to deprive Plaintiff and similarly situated employees of overtime compensation by paying them less than what is required under federal law.

38. As a home health care company that has been in existence for over ten (10) years, Defendants were or should have been aware that Plaintiff and similarly situated employees performed work that required proper payment of overtime compensation.

39. Defendants knew that Plaintiff and similarly situated employees worked overtime hours without receiving proper overtime pay because Defendants required Plaintiff and similarly situated employees to record and submit records of their work hours.

40. Defendants were aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings Counts I on behalf of herself and all similarly situated individuals. The proposed collective class ("FLSA Collective") is identified as follows:

42. Plaintiff consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is filed with the Court as Exhibit A to this Complaint.

43. As the case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

44. Members of the proposed FLSA Collective are known to Defendants and are readily identifiable through Defendants' records.

45. Plaintiff and the FLSA Collective are all victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their

rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have cause significant damage to Plaintiff and the FLSA Collective.

46. The FLSA Collective would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join by filing their written consent.

**COUNT I – FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA**

47. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

48. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

49. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendants to pay non-exempt employees like Plaintiff and the FLSA Collective no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

50. Plaintiff and the FLSA Collective regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate them for all of their overtime hours as required by the FLSA.

51. Defendants have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

52. Defendants knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rate pursuant to 29 U.S.C. § 225.

53. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

**WHEREFORE**, Plaintiff, Mathilda Solomon, prays for all the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and her counsel to represent the collective action members.

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. An award of any pre-judgment and post-judgment interest;

D. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

E. Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted:

*/s/ George B. Recile*

_____
GEORGE B. RECILE (#11414)
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
*Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100 Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 613-4528
*Counsel for Plaintiff*