# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| MATHILDA SOLOMON | Civil Action No. 6:18-cv-1025 |
| versus | Judge Doughty |
| SERENITY SQUARE, LLC, ET AL. | Magistrate Judge Carol B. Whitehurst |

## RULING AND ORDER

Before the Court is plaintiff, Mathilda Solomon's, "Motion for Conditional Certification as a Collective Action and Notice to Potential Class Members," [Doc. 8], in which the plaintiff moves to conditionally certify the FLSA collective action filed by her against defendants, Serenity Square LLC and Gwendolyn Caillier, the owner and operator of Serenity (collectively, "Serenity"). The motion is opposed by the defendants [Doc. 8]. For the following reasons, plaintiff's Motion for Conditional Certification is **DENIED.**

## I.   *Background*

Serenity provides in-home care for elderly, infirm, and disabled people through Direct Care Workers ("DCWs"). DCWs work in the client's home to assist with personal care activities, housekeeping activities, feeding, cooking, monitoring of the client, and other activities. Generally, DCWs work alone in a client's home. In March 2018, the plaintiff, a resident of the City of Scott, Louisiana, was hired by

Serenity as a DCW. Solomon worked for Serenity for less than two months. Her employment ended following an alleged work-related back injury for which she has filed a claim with the Louisiana Office of Worker's Compensation. That claim remains in litigation.

In the two months that she worked for Serenity, the plaintiff claims she was not paid time and a half for hours worked in excess of forty hours in a work week. On August 8, 2018, Solomon filed the instant lawsuit alleging Serenity failed to pay her overtime compensation in violation of the Fair Labor Standards Act. In addition to her individual claims, Solomon's complaint also alleges Serenity failed to pay other "similarly situated" employees overtime compensation. Solomon filed her consent to become a party with her Complaint and joined the proposed collective action on that date. To date, more than eight months after the filing of the Complaint, no other individual has a filed a consent to join the putative class. Defendants filed an answer to the Complaint on October 29, 2018, denying the plaintiff's allegations and raising numerous defenses to her individual and collective claims.

On November 8, 2018, Solomon filed the instant motion, seeking an order conditionally certifying a putative collective class which includes:

all individuals who

(1) Worked for Defendants at any time during the past three years; and

(2) Worked as a home health care worker ("direct support worker") on behalf of Defendants and were paid straight time for all hours worked.

Solomon defined the potential collective class to include "all home health care aides who worked for Defendants from August 9, 2018 to August 9, 2015, and was subject to each of the wage and hour violations alleged herein."[1] The motion also seeks approval of a proposed notice and permission to disseminate that notice to the putative collective class using contact information to be provided by Defendants.

In the instant motion, the plaintiff moves to conditionally certify a collective action under 29 U.S.C. §207 of the FLSA. Plaintiff contends that she regularly worked more than forty hours per week, and that despite working these hours, she was paid her regular hourly rate for all hours worked throughout her employment. The plaintiff alleges that she is "aware" that defendants paid all other direct support workers at their regular hourly rate for all hours worked, including hours worked in excess of forty hours per week.

---

[1] *See* memorandum in support of motion, Doc. 8-1, at p.2.

## II. Applicable Legal Standard

The Fair Labor Standards Act ("FLSA") requires covered employers to pay non-exempt employees for hours they have worked in excess of the defined maximum hours. 29 U.S.C. §207(a). Section 216(b) creates a cause of action for employees against employers violating the overtime compensation requirements. 29 U.S.C. §216(b). Section 216(b) provides:

> An action ... may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b). Thus, unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under §216(b) provides for a procedure to "opt-in," rather than "opt-out." *Roussell v. Brinker Int'l, Inc.*, 441 Fed.Appx. 222, 225 (5th Cir.2011) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir.2008)). District courts have discretion in deciding whether and how to provide "timely, accurate, and informative" notice to prospective plaintiffs. *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

The FLSA permits employees to maintain an action on behalf of themselves and others similarly situated, provided that the similarly situated employees only become plaintiffs if they opt-in to the litigation in writing. 29 U.S.C. §216(b);

4

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003). To determine whether to certify a collective action and thus send notice of the suit to potential opt-in plaintiffs, the majority of federal courts follow the two-step approach developed in *Lusardi v. Xerox Corporation*, 118 F.R.D. 351 (D.N.J. 1987). *See Mooney*, 54 F.3d at 1213-14. "Under *Lusardi*, the trial court approaches the 'similarly situated' inquiry via a two-step analysis." *Mooney*, 54 F.3d at 1213. The first step occurs at the notice stage. *Id*.

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *Mooney*, 54 F.3d at 1216. The first *Lusardi* step is to decide whether to issue notice to potential class members. *See id.* at 1213–14. At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir.2010). The court's decision at this stage is often based only on the pleadings and any affidavits that have been submitted. *Id*. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt-in.

5

*Mooney*, 54 F.3d at 1214. Even this lenient standard, however, requires substantial allegations that potential members "were together the victims of a single decision, policy, or plan...." *See id.* at 1214 n. 8.

At this stage, the district court decides whether notice should be sent to potential class members. *Id.* To conditionally certify the class and have notice sent, the plaintiff must sufficiently establish that similarly situated potential plaintiffs exist by putting forth "substantial allegations showing "putative class members were together the victims of a single decision, policy or plan infected by discrimination." *Stiles v. FFE Transp. Servs, Inc.*, 2010 WL 935469, at *2 (N. D Tex. Mar. 15, 2010) (quoting *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004)). Due to the limited evidence available at this stage of the litigation, courts usually employ a "fairly lenient standard" that typically results in conditional certification of a representative class. *Mooney*, 54 F.3d at 1214. *See also Stiles*, 2010 WL 935469 at *2. "[W]hile the standard at this stage is not particularly stringent, it is by no means automatic." *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007) (citting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1213 (11th Cir. 2001)).

Courts typically base their decision whether to conditionally certify the action on the pleadings and any affidavits that have been submitted. *Mooney*, 54

F.3d at 1213-14. However, they also "look to such factors as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a wide spread discriminatory plan was submitted." *Stiles*, 2010 WL 935469 at *2. As a practical matter, most district courts in this Circuit "require some factual basis to the plaintiff's allegations that a collective actions is warranted before granting notice and conditional certification." *Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008, at * 4 (S.D. Tex. Jan. 24, 2007). "Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Jones v. Yale Enf't Servs., Inc.*, 2015 WL 3936135, at *1 (E.D. La. June 26, 2015) (quoting *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)).

## III. *Analysis*

In this case, the plaintiff claims that she has satisfied the lenient standard for conditional certification on behalf of a class of similarly situated persons. Plaintiff seeks certification with respect to "all individuals who (1) [w]orked for Defendants at any time during the past three years; and (2) [w]orked as a home health care worker ("direct support worker") on behalf of Defendants and were paid straight time for all hours worked."

Attached to her motion, the plaintiff has filed a Declaration, in which she states:

> I am personally aware of other similarly situated employees of Defendants who have been improperly compensated in violation of the FLSA and who could benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Such individuals include, but are not limited to, Marcus Tolivour, Linda Frances, Angel Noel, Jamure Tolliver, and Crystal Christmas."[2]

Aside from listing these individuals, the plaintiff's Declaration does not state that any of these individuals were employed by Serenity, does not state how these individuals were improperly compensated, and, in fact, does not demonstrate her alleged personal knowledge of how these individuals were actually compensated, and does not demonstrate the plaintiff's alleged personal knowledge of hours worked by these individuals.

In their response to the motion, the defendants focus on the vagueness of Solomon's Declaration, arguing there are many ways in which an employee can allege "improper compensation" under the FLSA, and that here, it is unclear whether Solomon is claiming these individuals were allegedly improperly compensated in the same way as Solomon (failure to pay overtime compensation) or in some other way (for example, failure to pay minimum wage).

---

[2] *See* Declaration attached to plaintiff's motion, Doc. 8-2.

"[A]n FLSA collective action determination is appropriate when there is 'a demonstrated similarity among the individual situations . . . **some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]**." *England v. New Century Fin. Corp.,* 370 F.Supp.2d 504, 507-08 (M.D. La. 2005)(*citations omitted*)(emphasis in original). Review of the plaintiff's Declaration shows that it fails to make even an allegation of such a factual nexus, and, thus, is plainly insufficient to support a conditional certification of a collective.

Moreover, and most importantly, the defendants have responded with specific facts concerning each of the alleged "similarly situated" individuals and demonstrated that they are not – at least based on the information provided by the plaintiff at this time – "aggrieved individuals who would benefit from this collective action." The defendants aver as follows:

- Linda Frances was never employed by Serenity. Rather, Ms. Frances was an independent contractor of Serenity and not subject to the minimum wage and overtime rules of the FLSA. Further, her relationship with Serenity ended on April 30, 2014 – well outside of the proposed collective period and outside of the applicable statute of limitations.

- Angel Noel was last employed by Serenity on June 12, 2015. As a result, any claims she would have would also be time-barred and she would be excluded from any collective going

9

- forward. In any event, Ms. Noel never worked more than 38.45 hours in any week in which she was employed by Serenity.

- Crystal Christmas was never employed by Serenity. Rather, Ms. Christmas was an independent contractor of Serenity and not subject to the minimum wage and overtime rules of the FLSA.

- Serenity has no record whatsoever of any employee named Jamura Tolliver ever being employed by or contracted by Serenity.
- 
- Serenity also has no record of any employee or contractor named Marcus Tolivour. However, defendants surmise that the plaintiff is attempting to identify Marcus Harris, a former employee of Serenity. Mr. Harris was employed by Serenity from October 9, 2018 to November 19, 2018 – outside of the collective period defined by Solomon in her motion. Further, during Mr. Harris's brief employment with Serenity, he never worked more than forty hours in a week.

The vagueness of Solomon's statements is important as there are many ways in which an employee can allege "improper compensation" under the FLSA. For example, the Court and defendants are left to wonder whether Solomon is claiming these individuals were allegedly improperly compensated in the same way as Solomon (failure to pay overtime compensation) or in some other way (for example, failure to pay minimum wage). As previously noted, "[a]n FLSA collective action determination is appropriate when there is 'a demonstrated similarity among the individual situations. . . and some factual nexus which binds the named plaintiffs and the potential class members together as victims of

a particular alleged [policy or practice].'" Based on the record before the Court, it does not appear from the plaintiff's Declaration that the listed individuals are, in fact, aggrieved individuals who would benefit from this collective action.

Defendants argue the plaintiff's statements in her Declaration are insufficient to carry her evidentiary burden, focusing on the fact that the Declaration contains no support for her argument that the plaintiff herself is "similarly situated" to the individuals she lists in her Declaration. Defendants argue that the individuals who work for them do so in various capacities, that is, some are employees, but most are independent contractors. Defendants point out that the plaintiff has not alleged that she was misclassified as an independent contractor, as she admittedly classified as an employee during her short tenure with the company.

In *Khan v. Cougar Stop, Inc.*, 2007 WL 2777774 (S.D. Tex. Sept. 21, 2007), the plaintiff submitted a Declaration wherein she stated the following: "Based upon discussions with my co-workers who are employees of Defendants, other employees of Defendants were, and are, not paid their overtime wages and minimum wage, despite the fact that they routinely work in excess of 40 hours per week." The defendants objected to this statement as being not based on personal knowledge, lacking in foundation, and conclusory. In concluding that the plaintiff failed to satisfy her evidentiary burden, the court stated:

> Khan has not identified one person by name or description who was employed by Defendants under the same allegedly objectionable terms and conditions as he was. Khan identifies four of his co-workers by name, but does not attest that any of these four individuals was employed in the same position, paid in the same manner, or required to work the same number of hours he was. In the absence of some such proof of similarly situated individuals conditional certification is not appropriate.

*Khan*, 2007 WL 2777774, at *1–2.

Like the plaintiff in *Khan*, the undersigned concludes the plaintiff does not satisfy even the lenient standard for conditional certification, as demonstrated by the lack of "substantial allegations" in her Complaint and her failure to submit any factual support for the statements made in her Declaration regarding potential plaintiffs and/or evidence of a widespread discriminatory plan.

In summary, the plaintiff has failed to identify any other potential plaintiffs, failed to obtain affidavits from any potential plaintiffs, and failed to provide evidentiary support for the existence of a widespread plan or policy. Neither plaintiff's Complaint nor her Declaration provide support for her claim that similarly situated individuals exist, leaving the plaintiff with only unsupported and minimal allegations that defendants violated the FLSA such that it affected all employees at Serenity. Such bare allegations are insufficient to support conditional certification. *See Xavier v. Belfor USA Group, Inc.*, 585 F. Supp. 2d 873, 877 (E.D.

La. 2008) ("[A]t least some evidence beyond unsupported factual assertions of a single decision, policy, or plan should be presented."). Therefore, the undersigned finds that plaintiff has failed to show that a collective action should be conditionally certified and notice issued. *See Bursell v. Tommy's Seafood Steakhouse*, 2006 WL 3227334 (S.D.Tex. Nov. 3, 2006) (authorizing conditional certification and notice to potential plaintiffs based on the submission of affidavits). Accordingly,

**IT IS ORDERED** that Plaintiffs' "Motion for Conditional Certification as a Collective Action and Notice to Potential Class Members," [Doc. 8] is **DENIED** as set forth in this Order.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 29th day of April, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE